```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
UNITED STATES OF AMERICA,

        -against-                        ORDER
                                         19-CR-0123(S-2)(JS)
SPENCER JEAN, a/k/a "CASH,"


                    Defendant.
---------------------------------------X
```

APPEARANCES
For the
United States:    Anthony Bagnuola, Esq.
                  United States Attorney's Office
                  Eastern District of New York
                  271 Cadman Plaza East
                  Brooklyn, New York 11201

For the Defendant
Spencer Jean:     Joseph J. Ferrante, Esq.
                  Keahon, Fleischer & Ferrante
                  1393 Veterans Memorial Highway
                  Suite 312 North
                  Hauppauge, New York 11788

SEYBERT, District Judge:

Currently before the Court is defendant Spencer Jean's ("Defendant") application for an Order deeming a document titled "Mr. Jean's Sentencing Memorandum," dated June 21, 2020 (the "Memorandum"), a timely filed successive motion for a new trial pursuant to Federal Rule of Criminal Procedure 33.  (Aug. 11, 2020 Ltr., D.E. 126; Memo., D.E. 126-1.)  For the reasons that follow, the request is DENIED as untimely and the Metropolitan Detention Center ("MDC")/Bureau of Prisons ("BOP") SHALL provide Defendant

the means necessary to review sentencing materials with Counsel, whether by video or otherwise.

## DISCUSSION

Familiarity with this case is presumed. The Court summarizes the docket and the record as necessary for resolution the pending applications.

I.  Whether The Memorandum Should Be Construed as a Timely Filed Rule 33 Motion

On July 2, 2019, a jury convicted Defendant of five felony offenses and the Court provided Defendant 30 days to file post-conviction motions. (Min. Entry, D.E. 93.) On July 18, 2019, the Court granted Defendant an extension to September 16, 2019 to file post-conviction motions. (Min. Entry, D.E. 102.) On July 18, 2019, the Court appointed Joseph J. Ferrante ("Defense Counsel") as CJA counsel and terminated trial counsel. (CJA Order, D.E. 103.) On August 19, 2019, the Government advised the Court to Defendant's post-conviction conduct and argued that Defendant should remain in the Secure Housing Unit ("SHU") until further Court order. (Aug. 19, 2019 Ltr., D.E. 105.)

On September 4, 2019, Defense Counsel requested an extension to file a post-trial motion given Defendant's placement in the SHU. (Sept. 4, 2019 Ltr., D.E. 106.) On October 7, 2019, the Court granted the request. (Sept. 4, 2019 Elec. Order.) After another extension (Min. Entry, D.E. 108), on October 28, 2019,

2

Defense Counsel filed a motion for acquittal or, in the alternative, a new trial pursuant to Federal Rules of Criminal Procedure 29 and 33 (Mot., D.E. 110). In his motion, Defendant argued that (1) he was denied a fair trial because the government failed to timely disclose their cell site expert in violation of Federal Rule of Criminal Procedure 16 (Mot. at 5-14), (2) Government witness Ryan Goetz's testimony lacked credibility (Mot. at 14-18), and (3) Government witness Nastacia McPherson's testimony lacked credibility (Mot. at 18-19). On January 7, 2020, the Court denied the motion. (Order, D.E. 113.) By letter dated May 13, 2020, Defendant asked the Court for assistance in obtaining library time to, among other things, "address to [the Court] in [a] post-trial motion." (May 13, 2020 Ltr., D.E. 120.) On May 22, 2020, the Court issued an Electronic Order declining to act because "[t]he post-trial motion was decided. The defendant shall confer with his counsel to move forward to sentencing." (May 22, 2020 Elec. Order.)

On August 12, 2020, Defense Counsel filed a letter, dated August 11, 2020, attaching the Memorandum, titled "Mr. Jean's Sentencing Memorandum," prepared by Defendant pro se. (Aug. 11, 2020 Ltr.; Memo.) Defense Counsel requests that the Court deem the Memorandum a timely filed "successive Rule 33 post-conviction motion, [and] not a sentencing submission" because "it attacks the prosecution, the evidence presented against him, the

3

credibility of the witnesses at his trial, his trial counsel's performance, the behavior of the government in their prosecution and other issues." (Aug. 11, 2020 Ltr.) The pro se Memorandum argues (1) Government witnesses, including Goetz and McPherson, lied under oath, (2) ineffective assistance of counsel, and (3) prosecutorial misconduct. (See generally Memo.)

The Government responds that the Memorandum should not be construed as a successive Rule 33 motion and should be denied as untimely because the Court granted numerous extensions to file Rule 33 motions and because "by the time the defendant requested that [the Memorandum] be treated as a motion, his sentencing had already been delayed for more than a year, during which time he consistently attempted to obstruct justice from inside a prison facility." (Gov't Opp., D.E. 127.) Defense Counsel replied reminding "the Court that the pandemic has severely affected our abilities to communicate with our clients." (Reply, D.E. 128.) By letter dated August 17, 2020, Defendant argued pro se that his placement in the SHU from July 15, 2019 through February 2020, in addition to the COVID-19 pandemic, limited his ability to file a successive Rule 33 motion. (Aug. 17, 2020 Ltr., D.E. 131.)

Pursuant to Federal Rule of Criminal Procedure 33, the Court "may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). "Except where his motion is based on newly discovered evidence, a defendant

4

must file his motion for a new trial 'within 14 days after the verdict or finding of guilty.'" United States v. Ketabchi, No. 17-CR-0243, 2019 WL 1510444, at *2 (S.D.N.Y. Mar. 25, 2019) (quoting Fed. R. Crim. P. 33(b)(2)). Rule 45 provides that the Court may extend this filing deadline "if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b)(1)(B). "Courts have considered the following factors in assessing the existence of excusable neglect: (1) the risk of prejudice to the government; (2) the length of the delay and the impact on the proceedings; (3) the reason for the delay and whether it was within the defendant's control; and (4) the defendant's good faith or lack thereof in asking for an extension." Ketabchi, 2019 WL 1510444, at *2 (collecting cases).

Here, there is no question that the Memorandum, when construed as a successive Rule 33 motion, is untimely: it is dated June 21, 2020, eight months after Defense Counsel filed a motion for acquittal and/or a new trial pursuant to Rules 29 and 33, six months after the Court issued its ruling denying Defendant's post-conviction motion, and approximately one month after the Court directed Defendant to confer with counsel for sentencing. Thus, the Court must determine whether Defendant has shown excusable neglect.

After a review of the docket, and in light of the history of this case, the Court finds that Defendant failed to demonstrate

5

excusable neglect for the belated Memorandum. Indeed, "the factual basis upon which defendant moves for a new trial was known to defendant" before filing his initial motion. United States v. Midyett, No. 07-CR-0874, 2010 WL 1992191, at *1 (E.D.N.Y. May 14, 2010); United States v. Brennerman, --- F. App'x ---, 2020 WL 3053867, at *2 (2d Cir. June 9, 2020) (district court did not err in denying second Rule 33 motion as untimely where there was no "allegation that the information contained in the [second] motion was newly discovered" and where "the delay was not justified."). While Defense Counsel accepts responsibility for any delay between June 21, 2020 and August 12, 2020, and points to COVID-19's negative impact on daily operations, the information contained in the Memorandum was available before June 2020 and before the onset of COVID-19.[1] Accordingly, "[u]nder the circumstances, there is no basis to conclude that defendant's delay in seeking a new trial was due to excusable neglect." Midyett, 2010 WL 1992191, at *1. Thus, Defendant's motion for a new trial is DENIED as time-barred.[2]

---

[1] For the same reasons, the Court finds that Defendant's placement in the SHU does not constitute excusable neglect where the information in the Memorandum was available to Defendant, and Defense Counsel, prior to filing the post-conviction motion in October 2019 when Defendant was also in the SHU.

[2] Of course, the Court will not deny Defendant the opportunity to be heard with respect to sentencing. See United States v. Singh, 877 F.3d 107, 120 (2d Cir. 2017) ("A defendant has an 'absolute right' to be heard at sentencing to offer mitigating circumstances." (quoting United States v. Feng Li, 115 F.3d 125, 132–33 (2d Cir. 1997))).

6

II. <u>Defendant's SHU Placement</u>

By letter dated August 12, 2020, Defendant, proceeding <u>pro se</u>, advised the Court that he was placed in the SHU by the Government and requested the Court's intervention to have the "Government leave [him] to the powers of MDC and the BOP." (Aug. 12, 2020 Ltr., D.E. 129.)  The Government responded that it has "provided information concerning" Defendant's post-conviction conduct to MDC staff and that the "[D]efendant's placement in SHU is consistent with BOP policy and necessary to protect the integrity of the government's ongoing investigation and the safety to the public." (Gov't Resp., D.E. 133.)

To the extent it is requested, Defendant's application for an Order directing the MDC/BOP to release him from the SHU is DENIED with the exception that the MDC/BOP is ORDERED to provide Defendant with the means necessary to allow him to review sentencing materials with Counsel, whether by video or otherwise. The denial is without prejudice to Defendant's right to pursue administrative remedies within MDC/BOP.

CONCLUSION

Defendant's application for an Order deeming the document titled "Mr. Jean's Sentencing Memorandum," dated June 21, 2020, a timely filed successive motion for a new trial pursuant to Federal Rule of Criminal Procedure 33 (D.E. 126) is DENIED as untimely.  Sentencing remains scheduled for September 24, 2020.

The MDC/BOP is ORDERED to provide Defendant with the means necessary to allow Defendant to review sentencing materials with Counsel, whether by video or otherwise.

Defense Counsel is directed to provide Defendant with a copy of this Order forthwith.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   September  1 , 2020
         Central Islip, New York